

**ORDERED in the Southern District of Florida on June 29, 2018.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re:<br><br>DORA BENEDICTO,<br><br>    Debtor. | CASE NO. 15-28671-BKC-RAM<br>CHAPTER 13 |
| In re:<br><br>CLAUDIA DEL CARMEN GONZALEZ,<br><br>    Debtor. | CASE NO. 14-20339-BKC-LMI<br>CHAPTER 13 |

**MEMORANDUM OPINION SUSTAINING OBJECTIONS TO
<u>NON-CONSENSUAL BALLOON PAYMENTS IN CHAPTER 13 PLANS</u>**

In both of these chapter 13 cases, creditors holding mortgages on the debtors' real property have objected to confirmation of the debtors' plans. Both objections argue that the Court must deny

1

confirmation because the chapter 13 plans include balloon payments in violation of § 1325(a)(5)(B)(iii)(I) of the Bankruptcy Code. Under that subsection, if a chapter 13 plan includes periodic payments on a secured claim, "such payments shall be in equal monthly amounts." Both Chief Judge Isicoff and Judge Mark, who will be referred to as "the Court," agree with the objecting creditors and adopt the majority view that balloon payments are non-conforming periodic payments prohibited by § 1325(a)(5). The objections will be sustained, and confirmation of the pending plan in both cases will be denied by separate order.

## Factual Background

The Court will only briefly describe the facts in each case because this opinion addresses solely the legality of the balloon payments and not other objections specific to each case.

### Dora Benedicto, Case No. 15-28671 ("Benedicto")

Ms. Benedicto filed her chapter 13 case on October 21, 2015, in hopes of saving a rental property. The property is subject to a mortgage in favor of U.S. Bank National Association, as Trustee for SG Mortgage Securities Trust 2006-FRE2, Asset Backed Certificates, Series 2006 FRE2's ("US Bank"). The mortgage balance was just under $700,000 on the petition date. Initially, Ms. Benedicto pursued a modification of her mortgage through this court's Mortgage Modification Mediation Program (the "MMM Program").

Under this court's procedures, a debtor may confirm a chapter 13 plan before the mediation is conducted provided that the monthly payment to the lender on a claim secured by investment property is no less than 75% of the gross income generated from the property. Ms. Benedicto included a $1,900 monthly payment to US Bank in her 3rd Amended Plan [Benedicto, DE #62], and that plan was confirmed on September 29, 2016 [Benedicto, DE #89].

Ms. Benedicto's mediation ended in an impasse, requiring her to pursue a modified plan.  At that point, Ms. Benedicto filed a motion to value her property [Benedicto, DE #96].  Ms. Benedicto and US Bank agreed to value her property at $381,000 [Benedicto, DE #125].  Ms. Benedicto proposed a modified five-year plan that provided for monthly payments to US Bank of the $381,000 allowed amount of US Bank's secured claim at 6.25% interest, resulting in an aggregate amount of $444,610.20 being paid over the life of the plan [Benedicto, DE #123].  By this time, Ms. Benedicto was in month 26 of her confirmed plan, so her proposed modified plan includes the $1,900 MMM payment for the first 26 months.

Under the proposed modified plan, Ms. Benedicto's monthly plan payment increases beginning in month 27.  The final monthly plan payment to US Bank is a $112,882.12 balloon payment.

<u>Claudia Del Carmen Gonzalez, Case No. 14-20339 ("Gonzalez")</u>

Like Ms. Benedicto, Ms. Gonzalez filed her chapter 13 case to save real property and unsuccessfully attempted to mediate a

3

modification of her mortgage through the MMM Program [Gonzalez, DE #69].  Ms. Gonzalez also seeks to confirm a five-year plan with a large balloon payment in the final month, month sixty (60) [Gonzalez, DE #115].[1]  This is where the factual similarities between the two cases end.

The real property at issue in Ms. Gonzalez's case is Ms. Gonzalez's home, and her lender is Citibank, NA., as Trustee for GSR Mortgage Loan Trust 2006-AR2 ("Citibank").  Also, Ms. Gonzalez is proposing a "cure and maintain" plan, which is a plan in which a debtor brings current pre-petition arrearages on mortgage payments over the life of a plan, while also making regular monthly mortgage payments over the life of the plan.  At the end of the plan, the debtor's mortgage is current, and payments under the mortgage resume as if no default occurred.

Ms. Gonzalez's "cure and maintain" plan requires her to make regular mortgage payments every month for sixty (60) months.  In addition, to cure her pre-petition arrearage in the aggregate amount of $42,409.34, Ms. Gonzalez's plan proposes modest monthly

---

[1] When the Court heard oral argument on the balloon-payment issue resolved by this Order, Ms. Gonzalez's fifth-amended plan [Gonzalez, DE #103] was her operative, and last-filed, plan. At this time, Ms. Gonzalez seeks to confirm a sixth-amended plan [Gonzalez, DE #115]. Because both plans provide for a cure payment that includes a balloon, the filing of a new plan does not impact the Court's ruling.  For ease of reference, when the Court discusses Ms. Gonzalez's plan, the Court will refer to her sixth-amended plan [Gonzalez, DE #115].

payments during months one (1) through fifty-nine (59) - $283.24 per month from month one (1) through forty-one (41) - and $100 per month from month forty-two (42) through month fifty-nine (59). In the final month, month (60), Ms. Gonzalez proposes to make a balloon payment in the amount of $28,996.48 to complete her "cure."

<u>Procedural Background</u>

The mortgagees in both Ms. Gonzalez's and Ms. Benedicto's cases objected to confirmation of their respective plans because the plans include balloon payments [Gonzalez, DE #92; Benedicto, DE #118, 128, 129]. The majority of courts that have considered the issue have ruled that section 1325 of the Bankruptcy Code bars confirmation of balloon-payment plans in chapter 13 cases. *See, e.g., Hamilton v. Wells Fargo Bank, N.A. (In re Hamilton)*, 401 B.R. 539 (1st Cir. BAP); *In re Spark*, 509 B.R. 728 (Bankr. M.D. Fla. 2014); *In re Erwin*, 376 B.R. 897 (Bankr. C.D. Ill. 2007). However, Bankruptcy Judge Carr issued a recent and thoughtful opinion, *In re Cochran*, 555 B.R. 892 (Bankr. M.D. Ga. 2016), concluding that balloon payments are not periodic payments that violate the "equal monthly payment" mandate of section 1325. Because the Court did not find any opinions meaningfully discussing *Cochran*, the Court entered orders requiring further briefing on the issue and scheduling a joint hearing [Gonzalez, DE #107; Benedicto, DE #131].

The debtors [Gonzalez, DE #111; Benedicto, DE #135], Ms. Benedicto's lender [Benedicto, DE #133], and the Chapter 13 Trustee [Gonzalez, DE #109; Benedicto, DE #136], filed memoranda, and on March 5, 2018, the Court conducted a joint hearing. Having considered the record in each case, the arguments of counsel presented at the March 5, 2018 hearing, and applicable law, the Court finds that balloon payments are periodic payments incompatible with the Bankruptcy Code's requirement that periodic payments "be in equal monthly amounts." 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

## Discussion

Section 1325(a)(5)(B) of the Bankruptcy Code authorizes the confirmation of a chapter 13 plan over the objection of a secured creditor. If the plan payments to the secured creditor are "in the form of periodic payments," the Bankruptcy Code states that "such payments shall be in equal monthly amounts." 11 U.S.C. § 1325(a)(5)(B)(iii)(I). "The majority rule is that balloon payments are periodic payments proscribed by § 1325(a)(5)(B)(iii)(I)." *In re Cochran*, 555 B.R. at 897 (collecting and discussing cases).

The primary considerations underpinning the majority view are (i) the statute's plain language, (ii) the statute's legislative history, and (iii) the fact that the majority of courts agree. *Id.* While the Court agrees with Judge Carr that the second and third reasons are alone insufficient to support the majority view, the

6

Court finds that only a strained reading of the statute's plain language would yield a favorable interpretation for debtors proposing balloon payments in their plans.

There simply is no clear path for concluding that the final monthly payment is <u>not</u> a periodic payment. If a debtor proposes to pay its lender a fixed sum in monthly payments, the monthly payments must be in equal amounts. To find that the final payment is not recurring, and therefore is not periodic, is a stretch. *Contra In re Cochran*, 555 B.R. at 898 ("A balloon payment satisfies the debt in full and thus by definition cannot be repeated periodically, whether in equal amounts or otherwise."). As the last payment, the final payment will never be "recurring," but it is still the last in a series of "periodic" payments and, therefore, must be equal in amount to the preceding payments. *In re DeSardi*, 340 B.R. 790, 806 (Bankr. S.D. Tex. 2006) ("[T]he equal payment provision requires that payments be level once they begin and terminate once the lender is fully paid. Exactly when these level payments begin is case-specific.").

The Court does not reach this conclusion easily. Judge Carr astutely observes that the legislative history on this particular Bankruptcy Code provision is thin. *In re Cochran*, 555 B.R. at 901-905. The only congressional report on the amendment to section 1325 is House Report No. 109-31(I) (the "House Report"), which was issued "to accompany [BAPCPA]." H.R. REP. NO. 109-31(I), at 1

(2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 88.  The House Report's discussion of reforms dealing with abuse is notably silent on the issue of balloon payments to restructure mortgage debt in chapter 13 plans.  The sections on "Protections for Creditors – In General" and "Protections for Secured Creditors" also say nothing about balloon payments for mortgage cures or modifications. H.R. REP. NO. 109-31(I), at 16-17 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 102-03.   Judge Carr accurately notes that "the only formal legislative history" on section 1325(a)(5)(B)(iii)(I), the House Report, "merely echoes the wording of the subsection, without any insight as [to] the purpose of its enactment." *In re Cochran*, 555 B.R. at 902; *see* H.R. REP. NO. 109-31(I), at 73 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 141 ("Section 309(c)(1) amends Bankruptcy Code section 1325(a)(5)(B) to require that periodic payments pursuant to a chapter 13 plan with respect to a secured claim be made in equal monthly installments.").

In the absence of legislative history, can anything be gleaned about congressional intent based on where Congress placed the 2005 amendment to § 1325(a)(5) in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")?  At first blush, it appeared to this Court that the location of the amendment in BAPCPA adding the "equal monthly payment" requirement was, as Judge Carr suggested in *Cochran*, intended primarily to address the commencement of payments to creditors secured by personal

8

property. *Cochran*, 555 B.R. at 903. After all, the amendment is in section 309(c) of Title III of BAPCPA, under the heading "Adequate Protection of Lessors and Purchase Money Secured Creditors." BAPCPA, Pub. L. No. 109-8, § 309(c), 119 Stat 23 (2005).

Unfortunately for the debtor cause, further analysis of BAPCPA reveals that the "equal monthly payment" amendment was intended to apply to all secured creditors, not just those creditors, like car lenders, who are secured by depreciating personal property. As noted, the "equal monthly payment" provision is located in section 309(c) of Title III of BAPCPA. Title III is named "Discouraging Bankruptcy Abuse," and section 309 is titled "Protecting Secured Creditors in Chapter 13 Cases."

Moreover, another amendment to § 1325(a)(5)(B) in § 309(c) of BAPCPA further supports the view that the "equal monthly payment" requirement applies to all holders of secured claims, including mortgagees. This is so because new subsection (II) of § 1325(a)(5)(B) provides additional protections specific to holders of claims secured by personal property, namely, a requirement that the monthly payments are not less than an amount sufficient to provide adequate protection. In sum, the text and structure of BAPCPA compel the conclusion that the "equal monthly payment" requirement applies to all secured claims.

The *Cochran* opinion also cites to United States Supreme Court precedent establishing that the Supreme Court "will 'not read the Bankruptcy Code to erode [pre-BAPCPA] bankruptcy practice absent a clear indication that Congress intended such a departure.'" *In re Cochran*, 555 B.R. at 904 (quoting *Hamilton v. Lanning*, 560 U.S. 505, 517 (2010), and *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992)). As discussed earlier, there is no mention of balloon payments in what little legislative history is available, and confirming chapter 13 plans that included balloon-payment provisions was commonplace pre-BAPCPA. The Bankruptcy Code's good faith and feasibility pre-requisites to confirmation, 11 U.S.C. §§ 1325(a)(3), (a)(6),[2] provided (and in the Court's view, still provide) sufficient safeguards against the risk of approving plans with balloon payments that were not likely to be paid. Before BAPCPA, judges would consider, for example, how much principal was being paid over the life of the plan. With a significant principal paydown, courts could conclude that there would be enough equity in the property to support a finding that the debtor would be able to refinance the loan in order to pay the balloon.

---

[2] Section 1325(a)(3) mandates that a plan be confirmed if "the plan has been proposed in good faith and not be any means forbidden by law." Section 1325(a)(6) mandates that a plan be confirmed if "the debtor will be able to make all payments under the plan and to comply with the plan." Congress did not amend either section in BAPCPA.

10

Even so, the fact that courts found that balloon payments were permissible, when feasible, under pre-BAPCPA law does not give this Court license to ignore the plain language of the statute, which is clear and, therefore, must be enforced as written. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" (quotations omitted)). And the statute here is clear. Balloon payments are the last in a series of periodic payments. As such, they are prohibited by the "equal monthly payment" requirement in the statute.

## Implications of the Decision

At oral argument, the chapter 13 Trustee was concerned that a blanket ruling prohibiting balloon payments could be applied to defeat a wide range of chapter 13 plans. That should not be the case. Chief Judge Isicoff previously has ruled that the "equal monthly payment" requirement begins no earlier than the first payment after confirmation of a plan, rejecting the secured creditor's argument that § 1325(a)(5)(B)(iii)(I) compels a debtor to make equal payments starting with the first pre-confirmation payment made after the petition is filed. *In re Hernandez*, Case No. 14-12231-BKC-LMI, 2015 WL 5554126 (Bankr. S.D. Fla. Sept. 18, 2015). The undersigned co-author of this opinion, Judge Mark,

11

agrees with the *Hernandez* holding.  The Court further holds that, if a modified plan is approved, the starting point for equal monthly payments is the first month in which the modified plan is the operative plan.

In sum, the Court's ruling in these cases is limited.  Equal monthly payments are not required any earlier than the first payment after confirmation.  If a modified plan is approved, the payments to secured creditors must be in equal amounts after the modified plan takes effect, but need not be in the same amount as the payments already made under the prior plan.  This will protect debtors who confirm plans before mediation under the MMM Program is completed and later must modify the monthly payment to the mortgagee if the mediated payment amount is higher or mediation fails.

Whether a debtor can pay administrative expense claims in the months after confirmation in a manner that causes the post-confirmation payments to secured creditors to be in unequal monthly amounts is not before the Court.  Chief Judge Isicoff reserved on this issue in *Hernandez* at *4, and the Court continues to reserve on this issue and on any other issue that is not explicitly addressed in this Opinion, which is intended to be narrowly applied.

###

COPIES TO:

Humberto Rivera, *Counsel for Debtor Dora Benedicto*
Rivera Law Firm, P.A.
P.O. Box 211746
Royal Palm Beach, FL 33421

Nirvani Sarabjit, Esq., *Counsel for US Bank*
Brock & Scott, PLLC
1501 NW 49th Street, Suite 200
Ft. Lauderdale, FL 33309

Nancy K. Neidich, Esq., *Standing Chapter 13 Trustee*
P.O. Box 279806
Miramar, FL 33027-9806

Jennifer R. Jorge, Esq., *Counsel for Debtor Claudia Del Carmen Gonzalez*
Law Office of Jennifer R. Jorge, P.A.
8603 S. Dixie HWY
Suite 209
Miami, FL 33143

Nicole Mariani Noel, Esq., *Counsel for Citibank*
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601