

**ORDERED in the Southern District of Florida on August 23, 2018.**

*[signature]*

**Robert A. Mark, Judge
United States Bankruptcy Court**

___

```
                UNITED STATES BANKRUPTCY COURT
                 SOUTHERN DISTRICT OF FLORIDA
```

|                    |   |                          |
|--------------------|---|--------------------------|
| In re:             | ) | CASE NO. 15-28671-RAM    |
|                    | ) | CHAPTER 13               |
| DORA BENEDICTO,    | ) |                          |
|                    | ) |                          |
|         Debtor.    | ) |                          |

### ORDER DENYING MOTION TO VALUE

The Court conducted a hearing on August 14, 2018, on Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Held by America's Servicing Co./Wells Fargo Bank N.A. (the "Motion to Value") [DE# 96]. The Motion to Value seeks to value the non-homestead property located at 2270 SW 24th Terrace, Miami, FL (the "Property") at $373,000 and to thereby value the secured claim on

the Property now held by U.S. Bank National Association ("U.S. Bank") at $373,000.

At the hearing, the Debtor's counsel acknowledged that the Debtor's son, who is not a debtor, is the co-owner of the Property. The Court announced a ruling that would grant the Motion to Value, in part, at the parties' agreed valuation of $391,000, but that this valuation would allow the Debtor to strip-down the mortgage only on her ownership interest.  Upon further review of applicable law, the Court concludes that the Motion to Value should be denied.

This Court addressed similar facts in *In re Abad*, Case No. 12-26435, 2013 WL 324030 (Bankr. S.D. Fla. Jan 28, 2013).  The debtor in *Abad*, like the Debtor here, only held a one-half interest in the property subject of a motion to value.  As such, the Court found that 11 U.S.C. § 506 could only be used to value the debtor's interest, and not the property as a whole.  The opinion noted that the debtor could seek to value his one-half interest, but the creditor would retain its right to enforce its entire lien against the non-filing co-owner's half interest.  Because debtor's motion sought to value the entire property and limit enforcement of the lien to that value, the motion to value in *Abad* was denied.

The Court finds that its holding and analysis in *Abad* remains good law.  Therefore, it is -

**ORDERED** as follows:

2

1. The Motion to Value is denied because it seeks to value the entire Property and impermissibly limit the amount of the lien enforceable against the co-owner's half interest.

2. The Debtor may file a renewed Motion to Value the Property limited to her one-half interest in the Property. However, an Order granting a motion to value the Debtor's one-half interest would not affect the co-owner's one-half interest in the Property and U.S. Bank's entire claim would continue to encumber the non-debtor co-owner's one-half interest.

###

COPIES TO:

Humberto E. Rivera, Esq. (Counsel for the Debtor)
Nirvani D. Sarabjit, Esq. (Counsel for U.S. Bank)
Nancy K. Neidich, Trustee